**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Peter Robles Martinez,

Petitioner,

v.

Dora B. Schriro,

Respondent.

CV 08-1034 PHX-JAT (JM)

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Peter Robles Martinez's Petition for Writ of Habeas Corpus [Docket No. 1]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. Respondent filed her answer on August 12, 2008 [Docket No. 12]. Petitioner then filed a reply [Docket No. 13]. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Indictment, Plea and Sentencing

On October 13, 1999, the State filed an indictment in Maricopa County Superior Court charging Petitioner with two counts of molestation of a child, class 2 felonies and dangerous crimes against children; two counts of attempted sexual conduct with a minor, class 3 felonies; one count of furnishing obscene or harmful items to a minor, a class 4 felony; and

three counts of sexual conduct with a minor, class 2 felonies. (Exhibit A).[1]

On February 3, 2000, Petitioner pled guilty to one count of molestation of a child, a class 2 felony and a dangerous crime against children; and one reduced count of attempted sexual conduct with a minor over 15 years, a class 3 felony, pursuant to a plea agreement in which the State agreed to dismiss the remaining six charges in the indictment. (Ex. B.) In the plea agreement, the parties agreed that, with respect to the molestation charge, Petitioner would be sentenced to between 12 and 22 years in prison, with 17 years as the presumptive term, and lifetime supervised probation on the charge of attempted sexual conduct with a minor. (*Id.*)

On February 3, 2000, during the change of plea hearing, the court advised Petitioner of the possible sentences for a for a conviction of molestation of a child and attempted sexual misconduct with a minor over 15 years, and "all constitutional rights waived by the Plea Agreement," including his right to a direct appeal. (Ex. C.) Based on his responses to the court's questions, the court found that Petitioner "desires to forego the constitutional rights," that no threats or promises were made and no force was used to induce Petitioner to plead guilty and that Petitioner "understands the range of sentences and other penalties available." (*Id.*) The court then found that Petitioner "knowingly, intelligently and voluntarily" waived his rights to a trial, and entered a plea of guilty to molestation of a child and attempted sexual conduct with a minor over 15 years. (*Id.*; Ex. D.)

On March 7, 2000, in accordance with the terms of the plea agreement, the court dismissed the remaining counts, and sentenced Petitioner to the presumptive term of 17 years imprisonment on the charge of molestation of a child. (Ex. E.) Petitioner was also sentenced to lifetime probation as a sex offender on the charge of attempted sexual misconduct with a minor over 15 years. (Exs. E & F.) Petitioner was also advised of his right to file a Rule 32 notice of post-conviction relief "within 90 days of the entry of judgment and sentence." (Ex.

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Write of Habeas Corpus.

G.) Petitioner was further informed that, if he failed to file a timely notice of post-conviction relief, he might "never have another opportunity to have any errors made in [his] case corrected by another court." (*Id.*)

**B. Petition for Post-Conviction Relief**

On August 27, 2007, Petitioner filed a notice of Post-Conviction Relief ("PCR") in the Maricopa County Superior Court. (Ex. H.) The Maricopa County Superior Court dismissed Petitioner's First PCR petition on September 27, 2007, finding that Petitioner's First PCR was untimely filed pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, which required that the notice be "filed within 90 days of the entry of judgment and sentencing." (Ex. J.) The trial court, over Petitioner's claim that he should be excused on the timeliness requirement because he was unaware, found that he "was advised in the Notice of Rights of Review Afer Conviction and Procedure that he signed on March 7, 2000 of his right to pursue post-conviction relief and the time requirements for such filing." (*Id.*)

The trial court also proceeded to address the merits of Petitioner's claims, finding that Petitioner was not entitled to relief under *Blakely v. Washington*, 542 U.S. 296 (2004), because it did not apply retroactively to convictions that were final. Petitioner had also claimed that he did not enter into the plea agreement knowingly, intelligently, and voluntarily, and that his counsel had provided ineffective assistance. The trial court found that claim untimely and that it did not qualify under the Rule 32 exceptions for untimely filing. (*Id.*)

On October 2, 2007, Petitioner filed a petition for review by the Court of Appeals of the trial court's dismissal of his First PCR. (Ex. K.) In his petition of review, Petitioner only presented his *Blakely* claim, by alleging that the trial court violated his Sixth Amendment right by enhancing his sentence based on facts not found by a jury. (*Id.*) On May 15, 2008, the Court of Appeals denied review without comment. (Ex. L.) Petitioner did not seek further review in the State courts.

**C. The Pending 2254 Petition**

On June 2, 2008, Petitioner filed the instant habeas petition, which alleges four grounds for relief. In Ground One, Petitioner asserts that the First Amendment has been violated because his rights to access the courts have been violated. This ground was dismissed without prejudice in the Court's screening order. *Docket No. 6.* In Ground Two, Petitioner claims that his rights to compulsory process and due process were abridged and that he was subjected to double jeopardy. In Ground Three, he claims that his counsel was ineffective and that facts supporting his sentence were determined by a judge rather than a jury. In Ground Four, Petitioner contends that his rights to due process were violated by the improper application of sentencing guidelines. *Petition*, pp. 5-9.

## II. LEGAL DISCUSSION

### A. AEDPA Statute of Limitation

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitation on state prisoners seeking federal habeas relief from their state convictions. *See Lott v. Mueller,* 304 F.3d 918, 920 (9th Cir. 2002). The statutory tolling provisions of AEDPA provide that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). *See also Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

In this case, Petitioner pled guilty and was sentenced on March 7, 2000. (Exs. B, C, E & F.) However, Petitioner did not file a notice of post-conviction relief within 90 days of the entry of judgment and sentencing. (Exs. H & J.) As such, the judgment in his case became final on the date the deadline expired to file a notice of post-conviction relief, June 5, 2000. *See* Ariz.R.Crim.P. 32.4(a) (notice of intent to file an of-right proceeding under Rule 32 must be filed within 90 days of conviction and sentencing); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or

until the expiration of the time for seeking such review.”). The AEDPA limitations period commenced on June 6, 2000, the day after Petitioner’s conviction became final. Accordingly, the one-year statute of limitations on Petitioner’s federal habeas action expired on June 5, 2001, unless it was subject to tolling by any pending action for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(1)(A); *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir. 2001).

Petitioner did not have any action for post-conviction relief pending in the state courts from June 6, 2000, through August 27, 2007. When Petitioner eventually filed his PCR, the time for filing a Rule 32 of-right proceeding had long expired. *See* Rule 32.4(a), Ariz. R. Crim. P. (“notice must be filed within ninety days after the entry of judgment and sentence . . . .”). Additionally, reliance on *Blakely* did nothing to revive his claims. As the state court concluded, the United States Supreme Court has not made *Blakely* retroactive to cases on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005. *See also Tyler v. Cain*, 533 U.S. 656, 662 (2001) (a new rule is “made retroactive to cases on collateral review” only if the Supreme Court so holds). Accordingly, Petitioner’s PCR was, as the state court found, untimely and not subject to an exception to the States’ timeliness requirements. Not being properly filed, it did not serve to toll the statute of limitations for his federal habeas petition and the time for doing so thus expired on June 5, 2001. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). As Petitioner is not entitled to statutory tolling, his petition, which was filed on May 30, 2008, is nearly 7 years too late.

**B. Equitable Tolling**

The Ninth Circuit has recognized that the AEDPA’s statute of limitations is subject to equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). Equitable tolling is applicable only when “extraordinary circumstances beyond a prisoner’s control make it impossible to file a petition on time.” *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997*), overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (*en banc*). Equitable tolling is justified in

few cases: "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling requires a petitioner to show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Petitioner carries the burden of showing this exclusion should apply to him. *Id.* Further, he must prove the alleged extraordinary circumstance was the but-for and proximate cause of his untimeliness. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

Petitioner challenges Respondent's assertion that his habeas petition was not timely filed by asserting that he did not know of the 28 U.S.C. § 2244 limitations period because that statute was not available in the prison's law library. In support os his assertion, Petitioner attached to his reply documentation that indicates that, indeed, the prison library does not include 28 U.S.C. § 2244. However, the library does include *Post Conviction Remedies* by Larry W. Yackle. That publication, at Appendix A, contains the habeas corpus statutes, including 28 U.S.C. §§2244. Larry W. Yackle, *Post Conviction Remedies*, App. A (2008). Surely, with reasonable diligence, Petitioner could have discovered this material in fewer than seven years. Thus, although the deprivation of legal materials can in certain circumstances support equitable tolling, *see Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002), under the circumstances presented here, Petitioner is guilty of the sort of "oversight, miscalculation or negligence" for which equitable tolling is not appropriate. *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cri. 2006) (*pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling).

## III. RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed June 2, 2008 [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 08-1034-PHX-JAT**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 7th day of April, 2009.

Jacqueline Marshall
United States Magistrate Judge