**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter Robles Martinez, | ) | No. CV 08-1034-PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, | ) | |
| Respondent. | ) | |

Pending before this Court is Petitioner Peter Robles Martinez's Petition for Writ of Habeus Corpus. On April 7, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitations. On April 17, 2009, Petitioner filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because the Petitioner has filed objections to the R&R, this Court will review de novo the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitations.

1   As the R&R correctly recounts, under the Anti-Terrorism Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244, Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus with this Court. R&R at 4. In this case, the Petitioner's conviction became final in state court on June 5, 2000. *See id.* at 4; *Summers v. Schriro*, 481 F.3d 710, 716-717 (9th Cir. 2007). Thus, Petitioner's Petition in this Court was due by June 5, 2001. R&R at 5. The Petition in this case was filed on June 2, 2008 and is therefore untimely unless Petitioner is entitled to either "statutory" or equitable tolling of the statute of limitation prior to that date. *Id.* at 4; *see* § 2244(d).

Petitioner is entitled to statutory tolling during any time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). In this case, Petitioner pled guilty and was sentenced on March 7, 2000, but failed to file a notice of post-conviction relief (PCR) within the allowed 90 day period, which expired on June 5, 2000. R&R at 4. In fact, Petitioner did not file a PCR until August 27, 2007. Thus, the Petition was untimely for purposes of statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (untimely petition is not properly filed and does not entitle petitioner to statutory tolling).

The Magistrate Judge also determined that Petitioner is not entitled to equitable tolling. R&R at 6. For Petitioner to be entitled to equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace*, 544 U.S. at 418). Petitioner objects to the Magistrate Judge's conclusion.

Petitioner argues that equitable tolling applies because the State failed to give Petitioner notice of the AEDPA's one-year statute of limitation requirement. Objections at 7-9. However, Petitioner acknowledges in his objection that the prison law library contains *Post Conviction Remedies*, by Larry W. Yackle, which includes 28 U.S.C. § 2244 at Appendix A. Objections at 9; R&R at 6. As determined by the Magistrate Judge, Petitioner's failure to locate the statute in that book does not create an "impediment" that can form the basis for equitable tolling. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th

1 | Cir. 2000) (*en banc*). Furthermore, Petitioner's ignorance of the law alone is also not sufficient for equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, this Court finds that, in failing to discover this material within the time frame imposed by the AEDPA's statute of limitation, Petitioner did not diligently pursue his rights and is thus not entitled to equitable tolling.

Petitioner also argues that the Rule of Lenity should apply to this case. The Rule of Lenity is the doctrine that ambiguity or uncertainty in a criminal statute must be construed in favor of the defendant. 73 AM. JUR. 2d §197. It is well established that this rule "is *only* an aid to construction and cannot be invoked until the statute is shown to be ambiguous or uncertain as applied to the particular defendant." *Id.* (quoting *California v. Alday*, 515 P.2d 1169, 1169 (Cal. 1973)) (emphasis added). Petitioner argues that once he became aware of the AEDPA's requirements, he exercised due diligence by timely filing the Petition, thereby satisfying the language of §§ 2244(b)(2)(B)(i) and (d)(1)(B). Objections at 9. However, Petitioner has failed to show any ambiguity in § 2244 that would allow his interpretation of the statute. Rather, as discussed above, no impediment was present to prevent Petitioner from filing the Petition by the June 5, 2001 deadline. Thus, the statute required Petitioner to exercise due diligence prior to that date, which Petitioner failed to do.

Finally, Petitioner is asserting a claim based on *Blakely v. Washington*, 542 U.S. 296 (2004). However, *Blakely* is not available to cases on collateral review, which is the procedural posture of this case. R&R at 5 (citing *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005)). Thus, even if this Court reached the merits of Petitioner's Petition, habeas relief would be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. #14) is accepted and adopted, the Motion of Objections (Doc. #15) is permitted to the extent that the Court considered the objections, but the objections are overruled; the Petition is dismissed with prejudice because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

DATED this 10th day of June, 2009.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge